**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY | PLAINTIFF |
| v. | CIVIL ACTION NO. 2:15-CV-5-KS-MTP |
| JOHN T. SYKES and JUDY SYKES | DEFENDANTS |
| BANK OF AMERICA, N.A. | CROSSCLAIM PLAINTIFF |
| v. | |
| JOHN T. SYKES and JUDY SYKES | CROSSCLAIM DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff American National Property & Casualty Company's ("Plaintiff") Motion for Summary Judgment [59]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I.  BACKGROUND**

On January 23, 2015, Plaintiff filed this action for declaratory judgment against Defendants John T. Sykes, Judy Sykes, (collectively "Defendants") and Bank of America, N.A.  The claims against Bank of America, N.A., have since been dismissed.

The subject of this action is an insurance policy which Plaintiff issued to Robert Houston on February 28, 2003, insuring the subject property and contents against fire and other hazards.  In December 2005, Robert Houston issued a Quick [sic] Claim Deed [59-2] for the property to John T. Sykes, reserving a life estate for himself.  On September 27, 2007, Houston died.  Defendants continued to renew the policy on his behalf, and Plaintiff remained unaware of his death.

On September 4, 2014, the subject property was substantially damaged by a fire, and Defendants filed a claim under the policy, initially on behalf of Robert Houston, who they claimed was out of town and unavailable. Upon learning that Robert Houston was deceased, Plaintiff denied Defendants' claim. Plaintiff subsequently filed the current action in this Court, requesting a declaratory judgment relieving them of liability to Defendants under the subject policy.

## II.  DISCUSSION

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

Defendants have filed no response to Plaintiff's Motion for Summary Judgment [59]. However, Defendants have previously admitted that the policy in question was issued to Robert Houston, who was the only named insured of the policy and who died in September 2007. (Defendants' Admissions [59-9] at p. 2.)  Under the Quick [sic] Claim Deed [59-2], Houston

transferred all of his interest in the subject property to Defendants, but reserved for himself a life estate interest in the property.  This interest necessarily terminated upon his death.

Under Mississippi law, to be entitled to the proceeds from the policy, an insured "must have an insurable interest in the property."  *Necaise v. U.S.A.A. Cas. Co.*, 644 So.2d 253, 257 (Miss. 1992) (quoting *Aetna Cas. & Sur. Co. v. Davidson*, 715 F.Supp. 775, 776 (N.D. Miss. 1989)).  An insurable interest exists where "the insured will suffer an economic loss if the property is destroyed." *Id.* at 258 (citations omitted).  Because the fire occurred in 2014 and the interest of the only insured person under the policy terminated in 2007 with his death, the Court finds that Plaintiff is not liable to Defendants for the fire under the policy.  Plaintiff's Motion for Summary Judgment [59] will be **granted**.

The Court further finds that Plaintiff is entitled to a declaratory judgment pursuant to the Court's authority under 28 U.S.C. § 2201(a), relieving it of liability under the subject policy.  This case will remain open, however, due to pending cross-claims filed by Cross-Claimant Bank of America, N.A., against Defendants.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED Plaintiff's Motion for Summary Judgment is **granted**.  Plaintiff is entitled to a declaratory judgment relieving it of liability under the subject policy.

SO ORDERED AND ADJUDGED this the 1st day of February, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE